UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY E. WHITE, et al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:10-CV-2504-B |
| § | |
| § | |
| AVERITT EXPRESS, INC. § | |
| § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER AND OPINION

This is an employment discrimination action arising out of Plaintiffs' employment with Averitt Express, Inc. Before the Court is Defendant's Motion to Dismiss, seeking dismissal of the retaliation claims asserted by Plaintiff Jimmy L. Cargile and Plaintiff Luis F. Aguilar for failure to exhaust administrative remedies (doc. 8). For the reasons stated below, the Court finds that the Motion should be and hereby is **GRANTED.**

I.

BACKGROUND

Plaintiffs Anthony E. White, ("White"), Sedrick T. Thomas ("Thomas"), John K. Montgomery ("Montgomery"), Jimmy L. Cargile, Jr. ("Cargile"), and Luis F. Aguilar ("Aguilar") (collectively "Plaintiffs") filed this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, alleging claims of discrimination and retaliation against Averitt Express, Inc.

1

("Averitt" or "Defendant").  Plaintiffs are former employees of Defendant, and allege that they experienced racial discrimination during the course of their employment. (Pl.'s Compl. ¶¶4.01-4.36).

Specifically, White alleges he began experiencing racial harassment from his co-worker on a daily basis, Joe Morrow ("Morrow"), ultimately resulting in White's resignation on May 10, 2010. (Pl.'s Compl. ¶¶ 4.02-4.04).  Thomas alleges that co-workers Jeff Dreher, Richard Bailey ("Bailey"), and Morrow all made racially discriminatory comments toward him.  (Pl.'s Compl. ¶¶4.08-4.13). Thomas further alleges that he reported the racial comments to his supervisor Robert Childress ("Childress"), and to corporate headquarters, and no action was taken.  (Pl.'s Compl. ¶¶4.07, 4.14) Thomas resigned July 19, 2010.  (Pl.'s Compl. ¶4.16). Montgomery alleges that Morrow, Bailey, Charlie Young, and Bryan Renfro made racially discriminatory comments and that he reported them to Robert Anguiano ("Anguiano"), Childress, and the Human Resources Department, and nothing changed. (Pl.'s Compl. ¶¶4.18-4.30).  Montgomery resigned on May 5, 2010.  (Pl.'s Compl. ¶4.31). Cargile alleges discrimination based on race and national origin, which he reported to Anguiano and Human Resources.  (Pl.'s Compl. ¶¶4.33).  Cargile resigned on July 3, 2009.  (Pl.'s Compl. ¶4.34). Aguilar alleges he reported the discriminatory comments to Human Resources and was terminated from his employment with Defendant on August 26, 2009.  (Pl.'s Compl. ¶¶4.35-4.36).

Cargile filed an EEOC charge on November 24, 2009, and White, Thomas, Montgomery, and Aguilar filed EEOC charges on December 11, 2009.  (Ex. 1 to Pl.'s Compl. 2-3, 5, 7, 9-10, 12). All of Plaintiffs' EEOC charges allege that Childress sent racially offensive e-mails, and Plaintiff White's charge alleges that Childress treated him differently than non-African-American and non-Hispanic employees. (Ex. 1 to Pl.'s Compl. 2-3, 5, 7, 9-10, 12).

Plaintiffs filed this Complaint on December 12, 2008, alleging both discrimination and

2

retaliation claims (doc. 1). Defendant now moves for dismissal of Aguilar's and Cargile's retaliation claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the claims are barred because Aguilar and Cargile failed to exhaust all administrative remedies. Plaintiffs have not responded to the Defendant's Motion, which was filed on March 4, 2011.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).[1] In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Rapid Area Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "A motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Tel-Phonic Servs., Inc. v. TBS Int'l., Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) (quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough

---

[1] While Defendant has raised its Motion to Dismiss under both 12(b)(1) and 12(b)(6), courts have evaluated motions to dismiss for failure to exhaust administrative remedies under both and found that any difference between them is "a distinction without a difference since failure to exhaust administrative remedies would typically warrant dismissal under either rule." *Barrientos v. City of Eagle Pass, Tex.*, 2010 WL 1544419 at *2 (W.D. Tex. 2010). Since Defendant's brief discusses only the 12(b)(6) legal standard, the Court will analyze the Motion pursuant to 12(b)(6).

to raise a right to relief above the speculative level, on the assumption that all allegations are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligations, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Court will not weigh the evidence or resolve competing factual assertions at the motion to dismiss stage. *See Neitzke v. Williams*, 290 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."). Instead, at this stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *At the Airport, LLC v. Isata, LLC*, 438 F. Supp. 2d 55, 60 (E.D.N.Y. 2006).

## III.

## ANALYSIS

In its Motion, Averitt moves to dismiss only Cargile's and Aguilar's retaliation claims. (Def.'s Mot. Dismiss 1). Averitt contends that Cargile and Aguilar have failed to exhaust all administrative remedies. (Def.'s Mot. Dismiss 2-3). Exhaustion of administrative remedies is a prerequisite to filing a judicial complaint in a Title VII case. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). A plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue letter before he may bring suit in federal district court. *Id.* at 379. "The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). Thus, although the scope of a plaintiff's right to sue is not limited to the specific language of the charge, the plaintiff is limited to claims that are "like or related to" the claims listed in the charge. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (citation omitted).

4

It is undisputed that Cargile and Aguilar filed EEOC charges and received right-to-sue letters. However, Averitt argues that Cargile's and Aguilar's EEOC charges only raised allegations of discrimination, and failed to mention retaliation. (Pl.'s Compl. ¶5.01; Def.'s Mot. Dismiss 2-3). Averitt argues that because the retaliation claim arose before Cargile's and Aguilar's EEOC charges were filed, it had to be included in the charge in order to be considered exhausted by the EEOCs right-to-sue letter. (Def.'s Mot. Dismiss 2-3). For this reason, Defendant argues, Cargile's and Aguilar's retaliation claims should be barred. (Def.'s Mot. Dismiss 2-3).

If a claim "grows out of an administrative charge that is properly before the court[,]" the District Court has ancillary jurisdiction to hear the claim. *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). The Court "interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *Thomas*, 220 F.3d at 395. In looking at the scope of the administrative charge, the court looks "slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. Therefore, "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an *earlier* charge." *Gupta*, 654 F.2d at 414 (emphasis added). However, "a retaliation claim arising *prior* to the filing of an EEOC charge may only be included if it was part of the original charge." *Williams v. J.P. Morgan Chase & Co.*, No. 3:02-CV-2462, 2004 WL 1698289 at *3 (N.D. Tex. July 28, 2004) (emphasis added) (citing *McCray v. DPC Indus. Inc.*, 942 F. Supp. 288, 294-95 (E.D. Tex. 1996)).

5

In its Motion, Averitt maintains that Cargile's and Aguilar's EEOC charges insufficiently allege retaliation and do not permit the Court to find that the retaliation charge is "like or related to" the discrimination charge. *See Dollis*, 77 F.3d at 781. In support of its Motion, Averitt points to the fact that none of the Plaintiffs' EEOC charges checked the box for "retaliation," and none of the descriptions of the charges are related to retaliation. (Pl.'s Compl. Ex. 1). Cargile's charge states Childress's actions created a "hostile work environment" and he was "forced to quit." (Def.'s Mot. Dismiss Ex. C). Aguilar's charge states that he was laid off and that Childress "claimed that it was due to slow business." (Def.'s Mot. Dismiss Ex. B). Neither of these charges would allow an EEOC investigator to conclude that the Plaintiffs are asserting retaliation claims in addition to their discrimination claims.

Further, Averitt argues that Cargile's and Aguilar's retaliation claims could not have "grown out of" their EEOC charges. (Def.'s Mot. Dismiss 5). While the other Plaintiffs filed their EEOC charges *before* they left their employment with the Defendant, Cargile and Aguilar filed their charges *after* the alleged retaliation.[2] Cargile resigned on July 3, 2009 and filed his charge on November 24, 2009; Aguilar was terminated on August 26, 2009 and filed his charge on December 11, 2009. (Def.'s Mot. Dismiss Ex. B; Def.'s Mot. Dismiss Ex. C). While it is reasonable that a claim for retaliation would grow out of a charge filed with the EEOC in response to the filing of the charge; the same is not true for a retaliation claim that occurred before the charge was filed. *See Williams*, 2004 WL 1698289 at *3.

---

[2] White, Thomas, and Montgomery filed their EEOC charges on December 11, 2009. (Pl.'s Compl Ex. A). White resigned May 10, 2010; Thomas resigned July 19, 2010; and Montgomery resigned May 5, 2010. (Pl.'s Compl Ex. A).

6

Accordingly, the Court finds that the retaliation claims are neither "like nor related to" the discrimination charges. The Court further finds that the retaliation claims do not "grow out of" the discrimination claims. As a result, Cargile and Aguilar did not exhaust their administrative remedies on the retaliation claims before filing suit. *See McClain*, 519 F.3d at 273, *Gupta*, 654 F.2d at 414. Therefore, the Court **GRANTS** the Defendant's motion to dismiss on Cargile's and Aguilar's retaliation claims.

## IV.

## CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss as to Cargile's and Aguilar's retaliation claims. The retaliation claims asserted by White, Thomas, and Montgomery, and the discrimination claims asserted by White, Thomas, Montgomery, Cargile, and Aguilar remain to be decided and are not affected by this Order.

**SO ORDERED.**

**SIGNED August 19, 2011**

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE